NO. 07-12-0165-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 15, 2012
_____

DAMIEN HERNANDEZ CORTEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320th DISTRICT COURT OF POTTER COUNTY;

NO. 62,862-D; HON. DON EMERSON, PRESIDING
_____

*Dissent from Denial of Motion for Rehearing*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

I respectfully dissent from the decision to deny Appellant's *Motion for Rehearing* of the panel opinion in *Cortez v. State,* No. 07-12-0165-CR, 2012 Tex. App. LEXIS 5484 (Tex.App.--Amarillo July 10, 2012, no pet. h.). Pursuant to that opinion, Appellant's appeal was dismissed for the failure to file a trial court certification in compliance with Rule 25.2(d) of the Texas Rules of Appellate Procedure. The opinion did indicate that we would reconsider that decision should a valid certification be filed within the period

allowed for rehearing. Prior to issuing that opinion, this Court did notify the trial judge and the court clerk that "[t]he record does not contain a certification of the defendant's right of appeal **signed by the defendant.**" (Emphasis in original). Accompanying Appellant's *Motion for Rehearing* is a certification *signed by the defendant,* albeit not signed by the trial judge. The majority is now prepared to deny that motion for rehearing because the certification does not include the judge's signature.[1]

It is the mandatory duty of the trial court to enter a certification of the defendant's right of appeal each time it enters a judgment of guilt. Tex. R. App. P. 25.2(a)(2). This is an appeal of a judgment entered following a jury trial after a plea of "not guilty." It appears to me that the denial of Appellant's right of appeal on this hyper-technical interpretation of the Rules of Appellate Procedure is a waste of valuable judicial resources --- the very thing Rule 25.2 was designed to prevent. *See* Tex. R. App. P. 2 (allowing this Court to suspend the operation of a rule of appellate procedure to "expedite a decision," but not allowing suspension of any provision of the Texas Code of Criminal Procedure.) Because Appellant's right of appeal is apparent from the face of the record, I would grant the motion and reinstate Appellant's appeal.


Patrick A. Pirtle
Justice

Publish.

---

[1] *Certification of Defendant's Right of Appeal* is a procedure created by Rule 25.2 of the Texas Rules of Appellate Procedure, designed to expedite the early dismissal of non-meritorious appeals in criminal cases. While Rule 25.2(d) does require that the certification include a notice that the defendant has been informed of his/her rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review, and that the notification be *signed* by the defendant, there is no corresponding requirement that the trial court *sign* the certification. *But see* Appendix F (providing for the judge's signature). All that is required is that the trial court *enter* it. There is no corresponding provision in the Texas Code of Criminal Procedure.

2